UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

| | |
|---|---|
| MICHAEL WALTER PAYETTE, | ) |
| Plaintiff, | ) Case No. 2:09-cv-22 |
| v. | ) Honorable R. Allan Edgar |
| PATRICIA CARUSO, et al., | ) |
| Defendants. | ) |

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants MDOC Director Patricia Caruso, Warden David Bergh, Corrections Officer Unknown Henley, Corrections Officers Unknown Parties, Corrections Officer Unknown Weber, and Corrections Officer Unknown Parkilla. The Court will serve the complaint against Defendant Henley.

**Discussion**

I.        <u>Factual allegations</u>

Plaintiff Michael Walter Payette #292063, who is incarcerated at the Alger Maximum Correctional Facility (LMF), alleges that in December of 2008, he was moved to Maple Unit in LMF, where Defendants Henley worked. On January 5, 2009, Defendant Henley delivered mail from the United States Attorney to Plaintiff. The mail was marked "special handling" as legal mail, which meant that it was to be opened in Plaintiff's presence. However, the envelope had already been opened when Plaintiff received it.

On January 13, 2009, Defendant Henley again delivered mail to Plaintiff. One of the items was a folded eighth and a half by eleven sheet of paper from Psychologist Paul A. Eyke, M.S., which had been opened. The page had been folded and glued shut, but the seal was broken when Plaintiff received it. This private mail showed that Plaintiff's complaint about a sexual assault by staff had been forwarded to an inspector. On January 22, 2009, Defendant Henley delivered "special handling" legal mail from this court to Plaintiff, which appeared to be unopened. Defendant Henley tore the envelope off in Plaintiff's presence, and then checked the mail "for contraband." However, before handing the mail to Plaintiff, Defendant Henley read it for approximately 10 to 15 seconds and asked Plaintiff which Buckner he was suing, because Defendant Henley might know him.

II.       <u>Failure to state a claim</u>

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal

Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

The court notes that liability under Section 1983 must be based on more than merely the right to control employees. *Polk Co. v. Dodson*, 454 U.S. 312, 325-26 (1981); *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978). Thus, Section 1983 liability cannot be premised upon mere allegations of *respondeat superior*. *Monell*, 436 U.S. at 691; *Polk*, 454 U.S. at 325. A party cannot be held liable under Section 1983 absent a showing that the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct. *See e.g. Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989), *cert. denied*, 495 U.S. 932 (1990); *Hays v. Jefferson*, 668 F.2d 869, 874 (6th Cir.), *cert. denied*, 459 U.S. 833 (1982). *See also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.), *cert. denied* 469 U.S. 845 (1984).

Supervisory officials can be held liable for the acts of their subordinates only if plaintiff establishes that the supervisor failed to appropriately discharge his supervisory duties, and that this failure resulted in a denial or deprivation of plaintiff's federal rights. *See e.g. Leach*, 891 F.2d at 1246; *Hayes v. Vessey*, 777 F.2d 1149, 1154 (6th Cir. 1985). However, the failure of a supervisor to supervise, control or train the offending employee is not actionable absent a showing that the official implicitly encouraged, authorized, approved or knowingly acquiesced in, or in some other way directly participated in, the offensive conduct. *Leach*, 891 F.2d at 1246. Such a claim

requires, at a minimum, that the official had knowledge of the offending employee's conduct at a time when the conduct could be prevented, or that such conduct was otherwise foreseeable or predictable. *See e.g. Gibson v. Foltz*, 963 F.2d 851, 854 (6th Cir. 1992). In addition, plaintiff must show that defendant had some duty or authority to act. *See e.g. Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989) (lower level official not liable for shortcomings of building); *Ghandi v. Police Dept. of City of Detroit*, 747 F.2d 338, 351 (6th Cir. 1984) (mere presence at the scene is insufficient grounds to impose Section 1983 liability in the absence of a duty to act); *accord Hall v. Shipley*, 932 F.2d 1147 (6th Cir. 1991). In addition, merely bringing a problem to the attention of a supervisory official is not sufficient to impose such liability. *See Shelly v. Johnson*, 684 F. Supp. 941, 946 (W.D. Mich. 1987) (Hillman, C.J.), *aff'd* 849 F.2d 228 (6th Cir. 1988). Finally, supervisory liability claims cannot be based on simple negligence. *Leach*, 891 F.2d at 1246; *Weaver v. Toombs*, 756 F. Supp. 335, 337 (W.D. Mich. 1989), *aff'd* 915 F.2d 1574 (6th Cir. 1990).

Plaintiff has not alleged facts establishing that Defendants Caruso, Bergh, Weber, Parkilla and Unknown Parties were personally involved in the activity which forms the basis of his claim. In fact, Plaintiff fails to name Defendants Caruso, Bergh, Weber, Parkilla and Unknown Parties in the body of his complaint. Moreover, Defendants Caruso and Bergh appear to have been named solely because of their supervisory capacity over Defendant Henley, conduct for which they cannot be liable under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999), *cert. denied*, 530 U.S. 1264, 120 S. Ct. 2724 (2000). Accordingly, the Court concludes that Plaintiff's claims against Defendants Caruso, Bergh, Weber, Parkilla and Unknown Parties are properly dismissed for lack of personal involvement.

**Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Defendants Caruso, Bergh, Weber, Parkilla and Unknown Parties will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendant Henley.

An Order consistent with this Opinion will be entered.


Dated:        6/3/09                             /s/ R. Allan Edgar
                                                 R. Allan Edgar
                                                 United States District Judge