UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL PAYETTE,

    Plaintiff,

v.                                           Case No. 2:09-cv-22
                                              HON. R. ALLAN EDGAR

PATRICIA CARUSO, et al.,

    Defendants.
_____/

## MEMORANDUM AND ORDER

Plaintiff Michael Payette, a Michigan state prisoner in the custody of the Michigan Department of Corrections, brings this *pro se* federal civil rights action under 42 U.S.C. § 1983. During the initial screening of the complaint, the Court dismissed all of the plaintiff's claims against all defendants with the exception of defendant Larry Henley. [Doc. No. 9].

Defendant Larry Henley was served with process and he moves for summary judgment pursuant to Fed. R. Civ. P. 56. [Doc. No. 23]. Defendant Henley contends that the complaint must be dismissed on the ground that plaintiff Payette failed to properly exhaust his administrative remedies for making his prisoner grievance under the applicable policies and procedures adopted by the Michigan Department of Corrections as required by 42 U.S.C. § 1997e(a). Plaintiff Payette did not timely file a response to defendant Henley's summary judgment motion. The Court deems the plaintiff to have waived opposition to the summary judgment motion.

1

The summary judgment motion was referred to Magistrate Judge Timothy P. Greeley for a report and recommendation. On Jul 1, 2010, Magistrate Judge Greeley submitted his report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and W.D. Mich. LCivR 72.1. [Doc. No. 40]. It is recommended that the motion by defendant Larry Henley for summary judgment be granted and that the plaintiff's entire complaint be dismissed with prejudice.

Plaintiff Payette has not timely filed an objection to the report and recommendation. After reviewing the record, the Court **ACCEPTS and ADOPTS** the report and recommendation pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), and W.D. Mich. LCivR 72.3(b). Accordingly, the motion by defendant Larry Henley for motion for summary judgment [Doc. No. 23] is **GRANTED** pursuant to Fed. R. Civ. P. 56. The plaintiff's entire complaint shall be **DISMISSED WITH PREJUDICE** as to all claims against all of the defendants.

For the same reasons expressed in the report and recommendation, the Court finds that any appeal of this action would be frivolous and not be taken in good faith. *McGore v. Wrigglesworth*, 114 F. 3d 601, 611 (6th Cir. 1997). Pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(4)(B), the Court shall certify that any appeal by plaintiff Payette from the judgment would not be taken in good faith. Any application by the plaintiff for leave to proceed on appeal *in forma pauperis* shall be denied.

In the event that the plaintiff seeks to appeal this decision to the Court of Appeals for the Sixth Circuit, this District Court will assess and require the plaintiff to pay the standard $455 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless plaintiff Payette is barred from proceeding *in forma pauperis* by the "three strikes" rule in 28 U.S.C. 1915(g). If he is barred by the "three strikes" rule in 28 U.S.C. 1915(g), then plaintiff Payette will be required

to pay the $455 appellate filing fee in one lump sum.

A separate judgment will be entered.

SO ORDERED

Dated: July 21, 2010.

                                          */s/ R. Allan Edgar*
                                      R. ALLAN EDGAR
                              UNITED STATES DISTRICT JUDGE